EBENEZER NUTTING *vs.* CONNECTICUT RIVER RAILROAD COMPANY.

A railroad corporation, receiving goods for transportation to a place, situated beyond the line of their road, on another railroad, which connects with theirs, but with the proprietors of which they have no connection in business, and taking pay for the transportation over their own road only, are not liable, in the absence of any special contract, for the loss of the goods, after their delivery to the proprietors of the other railroad.

ACTION OF CONTRACT to recover the value of two of the boxes described in the following receipt, signed by the defendants' agent: " Northampton, Mass. Feb. 27th 1851. Received of E. Nutting, for transportation to New York, 9 boxes planes, marked R. & F. 21 Platt St. New York; 4 boxes planes and handles, marked G. T. Hewlett, 146 Bowery Street, New York. Fred. W. Clarke."

The following facts were agreed by the parties : All the boxes named in this receipt were delivered by the defendants, within a reasonable time, at Springfield, the southern terminus of their road, to the New Haven, Hartford and Springfield Railroad

Company, with whose road the defendants' road there connects The New Haven, Hartford and Springfield Railroad extends from Springfield to New Haven, and there connects with the New York and New Haven Railroad, which extends to the city of New York. The defendants took a receipt for these boxes from the New Haven, Hartford and Springfield Railroad Company; and all the boxes were duly delivered in New York, except two, which were lost between Springfield and New Haven.

It is the practice of the defendants, who are common carriers, to convey goods, received at places on the line of their road for transportation to New York, in their own cars to Springfield, and there to deliver them to the New Haven, Hartford and Springfield Railroad Company, by whose agents the goods are overhauled and checked. Such goods are sometimes carried over the New Haven, Hartford and Springfield Railroad without change of cars, and are sometimes shifted into the cars of that company. But the defendants receive pay only as far as Springfield. When goods are brought from New York to places on the line of the defendants' road, they are brought either in the freight cars of the defendants, or of one of the two corporations above mentioned, or of the Vermont Valley Railroad Company, whose road extends from the northern terminus of the defendants' road into the State of Vermont.

The parties agreed that if the defendants were not liable to the plaintiff, judgment should be entered for them; otherwise, that the plaintiff should have judgment for $25.50, the value of the lost boxes and their contents.

*J. W. Boyden*, for the plaintiff. The contract of the defendants was *prima facie* to transport the plaintiff's boxes from Northampton to New York; and there are no facts in the case which rebut this presumption. *Muschamp* v. *Lancaster & Preston Junction Railway*, 8 M. & W. 421. *Weed* v. *Saratoga & Schenectady Railroad*, 19 Wend. 534. *St. John* v. *Van Santvoord*, 25 Wend. 660. *Bennet* v. *Filyard*, 1 Florida, 403. *Whitesides* v. *Russell*, 8 W. & S. 44. *M'Gregor* v. *Kilgore*, 6 Ohio, 143. *Dunseth* v. *Wade*, 2 Scam. 285. Angell on Carriers, §§ 95–98.

*C. P. Huntington*, for the defendants.   The defendants are liable as common carriers only as far as Springfield; from thence to New York they are only forwarders.   Angell on Carriers § 229.   *Thomas* v. *Boston & Providence Railroad*, 10 Met. 472. *Norway Plains Co.* v. *Boston & Maine Railroad*, *ante*, 270. 14 Law Reporter, 122–135.   The decision of the supreme court of New York in 25 Wend. 660, was reversed by the court of errors in 6 Hill, 157.

METCALF, J.*   On the facts of this case, we are of opinion that there must be judgment for the defendants.   Springfield is the southern terminus of their road; and no connection in business is shown between them and any other railroad company. When they carry goods that are destined beyond that terminus, they take pay only for the transportation over their own road. What, then, is the obligation imposed on them by law, in the absence of any special contract by them, when they receive goods at their depot in Northampton, which are marked with the names of consignees in the city of New York?   In our judgment, that obligation is nothing more than to transport the goods safely to the end of their road, and there deliver them to the proper carriers, to be forwarded towards their ultimate destination. This the defendants did, in the present case, and in so doing performed their full legal duty.   If they can be held liable for a loss that happens on any railroad besides their own, we know not what is the limit of their liability.   If they are liable in this case, we do not see why they would not also be liable, if the boxes had been marked for consignees in Chicago, and had been lost between that place and Detroit, on a road with which they had no more connection than they have with any railway in Europe.

But the plaintiff seeks to charge the defendants on the receipt given by Clarke, their agent, as on a special contract that the boxes should be safely carried the whole distance between Northampton and New York.   We cannot so construe the receipt.   It merely states the fact, that the boxes had been

---

* DEWEY, J. did not sit in this case.

received "for transportation to New York." And the plaintiff might have proved that fact, with the same legal consequences to the defendants, by oral testimony, if he had not taken a receipt. That receipt, in our opinion, imposed on the defendants no further obligation than the law imposed without it.

The plaintiff's counsel relied on the case of *Muschamp* v. *Lancaster & Preston Junction Railway*, 8 M. & W. 421, in which it was decided by the court of exchequer, that when a railway company take into their care a parcel directed to a particular place, and do not by positive agreement limit their responsibility to a part only of the distance, that is *prima facie* evidence of an undertaking to carry the parcel to the place to which it is directed, although that place be beyond the limits within which the company, in general, profess to carry on their business of carriers. And two justices of the Queen's Bench subsequently made a like decision. *Watson* v. *Ambergate, Nottingham & Boston Railway*, 3 Eng. Law & Eq. R. 497. We cannot concur in that view of the law; and we are sustained, in our dissent from it, by the court of errors in New York, and by the supreme courts of Vermont and Connecticut. *Van Santvoord* v. *St. John*, 6 Hill, 157. *Farmers' & Mechanics' Bank* v. *Champlain Transportation Company*, 18 Verm. 140, and 23 Verm. 209. *Hood* v. *New York & New Haven Railroad*, 22 Conn. 1. In these cases, the decision in *Weed* v. *Saratoga & Schenectady Railroad*, 19 Wend. 534, (which was cited by the present plaintiff's counsel,) was said to be distinguishable from such a case as this, and to be reconcilable with the rule, that each carrier is bound only to the end of his route, unless he makes a special contract that binds him further.

*Judgment for the defendants.*